Concordia Building and Loan Association, Appellant,
v. Roy E. Burton and Clara M. Burton, Appellees.

Gen. No. 39,172.

Heard in the third division of
this court for the first district at the October term, 1936.
Opinion filed June 30, 1937.

RATHJE, HINCKLEY, BARNARD, KULP & TUCKER, of
Chicago, for appellant; FRANCIS E. HINCKLEY and Jo-
SEPH J. SULLIVAN, JR., of Chicago, of counsel.

No appearance for appellees.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered
the opinion of the court.
This is an appeal brought by plaintiff, Concordia
Building and Loan Association, from a decree entered

July 16, 1936, in the circuit court dismissing the complaint for want of equity.

Concordia Building and Loan Association, an Illinois corporation, organized on February 2, 1889, under the building and loan association laws of Illinois, filed its amended complaint in equity for the purpose of foreclosing a certain mortgage executed by the defendants, Roy E. Burton and Clara M. Burton, his wife.

An answer was filed by the Burtons alleging misrepresentation by the plaintiff as to the terms and conditions of the mortgage and pleading usury.

The cause was referred to a master in chancery who recommended a decree sustaining the right of the plaintiff to foreclose the mortgage and finding the amount due as alleged. Objections were filed thereto which were overruled. On a hearing of exceptions before the court, the same were sustained by the chancellor who found the premium charged on the loan to be usurious and entered a decree dismissing the complaint for want of equity. No point is raised by any of the parties as to the pleadings.

The theory of the plaintiff is: First, that parol evidence is inadmissible to vary or alter the express unambiguous provisions of a bond and mortgage executed under seal; Second, that an Illinois Building and Loan Association incorporated prior to July 1, 1919, may by its by-laws, dispense with the offering of its money for bids in open meeting and in lieu thereof provide for a loan of its money at a rate of interest and premium fixed by its by-laws and deduct the premium from the loan in advance.

The theory of the defendants is: First, that parol evidence is admissible to show the terms intended by the borrowers to govern the repayment of a loan even though the same is contrary to the express provisions of the bond and mortgage executed under seal, securing the loan; Second, that when an Illinois Building and Loan Association has, by its by-laws, dispensed

with the offering of its money for bids in open meeting and in lieu thereof provided for the loan of its money at a fixed rate of interest and a fixed premium, unless the rate of interest and premium is fixed by a resolution of the directors instead of by the by-laws of the association, a loan is usurious if the interest and premium exceed a charge of seven per cent per annum on the loan.

No briefs were filed in this court by defendants, which necessitates additional work on the part of this court in an endeavor to ascertain their version of the case.

The evidence before us shows that on December 13, 1924, Roy E. Burton, defendant herein, made application in writing to the Board of Directors of plaintiff association for a loan of $3,800 on 38 shares of the capital stock, 144th series of said association at a premium of $760, payable in advance, and offered as security therefor a first lien by bond and mortgage on certain real estate therein described.

The evidence further shows that on December 19, 1924, said defendants, Roy E. Burton and Clara M. Burton, his wife, became members and stockholders of plaintiff association, and a stock certificate for 38 shares of stock of the 144th series of plaintiff association was issued to them, subject to the payment of 50 cents per month on each share until fully paid, either from earnings or payments thereon, and subject to the charter and by-laws of the association.

The evidence further shows that thereafter the said defendants did execute and deliver to the plaintiff their bond, in which they acknowledged themselves indebted to the plaintiff in the sum of $3,800 for money loaned to defendants under the by-laws of said association on account of such shares of capital stock and bound themselves to pay to the plaintiff the sum of $3,800, together with interest at six per cent per annum in monthly instalments of $19 each, on or before the 14th day of

each and every month succeeding the date thereof, and also to pay on the said 14th day of each month succeeding the sum of $19 on the 38 shares of the 144th series, which were on December 19, 1924, transferred and assigned by the said defendants to the said association as collateral security for the indebtedness evidenced by said bond; that said payment of interest and instalments were to be made promptly as they became due, until the sum of $3,800 was fully paid, or until each of the shares of stock aforesaid should have attained the value of $100; and to pay all fines assessed by said association on each of said shares of stock, or any of them, and to pay all taxes and assessments upon the property conveyed by a certain mortgage of even date therewith, given to secure the payment of the said indebtedness, and to keep the buildings on said property insured in accordance with the terms of said mortgage.

The evidence further shows that said bond provides that said association should at the consummation of the loan aforesaid, in accordance with the requirements of the by-laws of said association, withhold a sum equal to 20 per cent of the loan, as a premium, of which there should be retained and charged by said association as earned premium, one thirty-second part of said premium for each quarter year or fraction thereof, beginning December 1, 1924, until the entire amount so withheld should have been so retained and charged; and that if, at any time, default should be made in the payment of interest when due, or in the payments due on the said shares of stock, or in the payment of fines due under the by-laws of said association, for the space of six months after any payment thereof should fall due, the said 38 shares of stock of the 144th series, which were transferred to said association as collateral security as aforesaid, might at any time thereafter be declared forfeited to said association for nonpayment of dues and revert to said association as forfeited

stock, and the withdrawal value thereof, at the option of the association might be applied to the satisfaction of said indebtedness, and in such case or cases the whole principal debt aforesaid should, at the option of said association, immediately thereupon become due and payable, and the payment of said principal sum and all interest thereon, and all fines as aforesaid, then due, might be enforced and recovered at once.

The evidence further shows that at the time the application for the loan was made the defendants executed and delivered their certain mortgage, whereby they conveyed and warranted to plaintiff certain premises situated in the county of Cook and State of Illinois, and released and waived all their rights under and by virtue of the Homestead Exemption Laws of the State of Illinois, Ill. State Bar Stats. 1935, ch. 52, ¶¶ 1–12; Jones Ill. Stats. Ann. 107.124–107.135, which mortgage was duly acknowledged by the mortgagors and was thereafter filed for record in the office of the recorder of deeds of Cook county, Illinois on January 6, 1925, as Document No. 8729223.

The evidence further shows that at the time of the execution of the said bond and mortgage the defendants paid to the plaintiff association as a premium therefor, in accordance with the by-laws, the sum of $760.

The evidence further shows that the defendants defaulted in their monthly payments of dues and also defaulted in the monthly instalments of interest, as well as in the payment of fines, general taxes for the years 1931 to 1934, and certain special assessments; that the defaults in the payment of dues, interest, fines and taxes, continued for a period of more than six months immediately preceding October 15, 1935, and still continue.

The evidence further shows that at a regular meeting of the board of directors of the plaintiff association held on October 15, 1935, it was ordered that said 38

shares of the 144th series of the capital stock of plaintiff association issued to said defendants herein, be forfeited unto plaintiff by reason of the defaults hereinbefore mentioned and that proceedings be instituted upon and against the securities of said loan according to law.

According to the testimony of one Gereke, secretary of the plaintiff association, the balance due on the loan as of October 15, 1935, was $1,371.58.

The master's report found that the balance due on loan as of October 15, 1935, was as follows:

"Balance due on loan as of October 15, 1935, as aforesaid.....................$1,364.58

Interest thereon at 6% per annum from October 15, 1935, to June 27, 1936, date of this report........................    57.31

Paid for estimate of taxes.............    1.60

Paid for minutes of foreclosure..........    51.00

Paid for November 1, 1935, for insurance premium ...........................    7.00

Interest thereon at 6% per annum from November 1, 1935, to June 27, 1936....    .28

Paid December 16, 1935, for divers tax items as aforesaid...................    148.14

Interest thereon at 6% per annum from December 16, 1935, to June 27, 1936....    4.71

Paid December 23, 1935 for divers tax items as aforesaid...................    24.89

Interest thereon at 6% per annum from December 23, 1935, to June 27, 1936....    .76

$1,660.27

Attorneys' Fees .......................    200.00

Stenographer's Fees..................    20.50

Total Amount Due Plaintiff including attorneys' and stenographer's fees..$1,880.77 together with interest thereon."

The defense contends, so far as we have been able to ascertain from the answer and the objections filed before the master and other documents, that they are entitled to the credit of $760 retained by the association for premiums with interest thereon, as being usurious and illegal; that by giving defendant the proper credits there would be nothing due plaintiff but would leave a balance due defendants of $61.24.

As before stated there is nothing before us on behalf of defendant, except as we may fathom from the master's report, showing on what basis these figures were compiled.

When the master's report came before the court, the chancellor found, as follows:

"1.    The evidence fails to disclose that the premium of Seven Hundred and Sixty Dollars ($760), and rate of interest and interest on premium claimed by the plaintiff was fixed by the board of directors as provided in the statute.

"2.    That said premium rate of interest, and interest on premium is illegal, usurious and void.

"3.    That plaintiff is entitled to recover the amount actually paid defendants, to-wit, Three Thousand and Forty Dollars ($3,040) with interest at five per cent (5%) per annum.

"4.    It appears that the defendants have paid the plaintiff Four Thousand Five Hundred and Ninety-eight Dollars ($4,598), and said sum amounts to more than the sum hereinbefore stated as being the amount the plaintiff is entitled to recover.

"It is therefore ordered adjudged and decreed

"1.    That the objections of the defendants herein to the Report of the Master are sustained and the bill of foreclosure herein is dismissed for want of equity."

When the cause was before the master the defendant offered evidence as to what transpired between the secretary of the company and himself relative to the loan and how it should be paid, which differed from the

terms of the bond and mortgage. This evidence offered was properly excluded as parol evidence and will not be heard to vary the terms of a written bond and mortgage under seal. *Cantwell v. Welch*, 187 Ill. 275.

The next point which the defendant made before the master was that the premium charged by the Concordia Building and Loan Association was invalid for the reason that, in deducting the premium of $760, it became usurious and illegal.

When a building and loan association, incorporated prior to July 1, 1919, has, by its by-laws, dispensed with the offering of its money for bids in open meeting, and in lieu thereof provided for a loan of its money at a fixed rate of interest and premium, the interest and premium may properly be charged by the association even though the same were fixed by its by-laws in accordance with amendment of July 1, 1891 to the "Homestead Association Act" under which the association was organized.

Chapter 32, par. 78, sec. 11, Starr & Curtis' Stat., Vol. 1, under which the plaintiff association was incorporated, provides as follows:

"Corporations organized under this Act being of the nature of co-operative associations, therefore no premiums, fines, nor interest on such premiums that may accrue to said corporation, according to the provisions of this Act, shall be deemed usurious and the same may be collected as other debts of like amount may be collected by law in this State, . . .

The "Homestead Association Act" of July 1, 1879, as amended (Hurd's Ill. Rev. Stat. 1893, ch. 32, par. 85, sec. 8) provides in part as follows:

"*Provided,* that any such association may, by its by-laws dispense with the offering of its money for bids in open meeting, *and in lieu thereof loan its money at a rate of interest and premium fixed by its by-laws,* and either with or without premium, deciding the pref-

crence or priority of loans by the priority of the applications for loans of its stockholders."

In 1933, the Legislature passed a law (Ill. State Bar Stats. 1935, ch. 32, ¶¶ 420 (12), 420 (13), sections 1 and 2; Jones Ill. Stats. Ann. 139.112, 139.113) validating all loans which had been made prior to that time, in the following language:

"Section 1. In any case in which a mutual building, loan and homestead association organized under the laws of this State, and now doing business in this State, has heretofore and since July 1, 1919, made a loan of its money to a borrowing member or members thereof, and at the time of the making of such loan such association had by its by-laws dispensed with the offering of its money for bids in open meeting, and in lieu thereof provided for the loan of its money at a rate of interest, or interest and premium, as fixed by its by-laws, deciding the preference or priority of the right to a loan by the priority of the approved applications therefor of its shareholders, although the statute provides for the rate of interest, or interest and premium to be fixed by the directors, such loan, if otherwise legally made is hereby validated and legalized.

"Section 2. Because the validity and legality of large numbers of loans made by many mutual building, loan and homestead associations organized under the laws of this State, and now doing business in this State, which loans were made under by-laws dispensing with competitive bidding in open meeting, is now attacked in pending litigation, on the ground that the rate of interest, or interest and premium, was fixed by the by-laws instead of by the directors, and a great number of other loans by many such associations are subject to similar attack, an emergency exists, and this Act shall take effect upon its passage."

We do not believe from the evidence in this case and the law applicable thereto, that the court was justified in arriving at its conclusions and should not have sus-

tained the exceptions to the master's report. The loan was made by the association to one of the members on his application and, so far as we are able to determine, was in conformity with the law and the by-laws of the association of which he was a member. No evidence was offered to the effect that he was imposed upon or that he was in any way overreached. The evidence shows that he was an intelligent man who understood fully the contract which he made.

For the reasons herein set forth the decree of the circuit court is hereby reversed and the cause remanded with directions to enter a decree as recommended by the master and in harmony with the views expressed in this opinion.

*Decree reversed and cause remanded with directions.*

HEBEL and HALL, JJ., concur.